

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| TERENCE F. KING, | ) | CASE NO. 11-40725-H3-13 |
| | ) | |
| Debtor | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court heard the Debtor's Motion To Modify Confirmed Plan (Docket No. 68) filed by Terence F. King. After considering the motion, the Response (Docket No. 70) filed by CountryPlace Mortgage LTD, the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment granting the Debtor's request to modify the confirmed plan. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

<u>Findings of Fact</u>

On December 20, 2011, Terence F. King, Debtor, filed a voluntary bankruptcy petition under Chapter 13. The chapter 13 plan was confirmed on May 31, 2012. Docket Nos. 39 and 43. On

April 8, 2013, CountryPlace Mortgage LTD ("Creditor") filed a Motion for Relief from Automatic Stay which was set for hearing on May 8, 2013. Docket No. 51. Creditor sought to lift the automatic stay to foreclose on a 2003 Palm Harbor Manufactured Home. Debtor filed a Response. Docket No. 52. At the preliminary hearing, counsel for Debtor and Creditor appeared and announced that additional time was necessary to reach an agreement. Counsel for Creditor requested that the motion be reset for a final evidentiary hearing in the event no agreement could be reached. The parties agreed that the evidentiary hearing would be scheduled for June 20, 2013. Docket No. 53. Thereafter, on May 16, 2013, Creditor amended its Motion to allege an additional cause to lift the stay. Docket No. 55.

On June 20, 2013, the parties appeared before the court and Creditor's counsel advised the court that an agreement had been reached. Creditor's counsel read the terms of the Agreed Order into the record. Debtor's counsel acknowledged on the record that Debtor agreed to the terms announced. The parties were to submit to the court a written order memorializing the agreement within ten days of the hearing date.

Creditor filed a Motion for Entry of Agreed Order on July 2, 2013 (Docket No. 61) requesting entry of the Agreed Order

2

without the signature of Debtor's counsel due to the inability to obtain the signature. On July 24, 2013, Creditor filed a Notice of Termination of Stay. Docket No. 63. Creditor contends that the stay terminated by operation of law as its motion for relief was filed on April 8, 2013 and, pursuant to section 362(e)(2), the stay terminates 60 days after the request for relief unless a final decision is rendered within that time period.

On August 1, 2013, Debtor filed the instant Motion To Modify Confirmed Chapter 13 Plan, Amended Chapter 13 Plan (with Amended Schedules I and J), and Amended Plan Summary. Docket Nos. 66 - 68. Debtor requests that the plan be modified pursuant to the terms of the Agreed Order entered into with Creditor. The Agreed Order and the plan modification provide for additional payments to Creditor for reimbursement of property taxes that were paid by Creditor to the taxing authority on Debtor's behalf.

On August 2, 2013, Creditor filed a "Withdrawal of Document #61" stating it withdrew its Motion for Entry of Agreed Order and that it filed a Notice Of Termination of the Stay. Docket No. 69. On August 12, 2013, Creditor filed its Response in opposition to the Debtor's plan modification on the basis that the stay has been lifted on its collateral. Docket No. 70.

At the hearing on the instant motion to modify the plan, Creditor's counsel announced that Creditor no longer wanted the

Agreed Order to be entered.   Debtor testified he agreed to the terms of the Agreed Order and that he is willing to be bound by its terms.   Debtor testified that all other provisions of his confirmed plan remain the same.   Debtor testified, and counsel for the Chapter 13 Trustee confirmed, that Debtor is current on his plan payments.   Counsel for the Chapter 13 Trustee announced that Trustee recommends approval of the modification.

Creditor's objection to the modification is not based upon grounds that the modification renders the plan out of compliance with the requirements for plan confirmation.   The objection is based upon Creditor's contention that there is no Agreed Order between Debtor and Creditor and that the automatic stay has been lifted on the Creditor's collateral.

At the preliminary hearing on May 8, 2013, Creditor agreed to continue the hearing to a date more than thirty (30) days after the date the motion was filed.   The motion was filed on April 8, 2013 and the hearing was continued to June 20, 2013.   As such, pursuant to Bankruptcy Local Rule 4001-1(a)(5), the Creditor is deemed to have waived the automatic termination of the stay under 11 U.S.C. § 362(e).   The court finds that the Creditor waived the automatic termination of the stay pursuant to section 362(e).   The court finds that the automatic stay has not been terminated as to Creditor's collateral.

In connection with the Agreed Order entered on the record on June 20, 2013, the court finds that it is a binding agreement. When an agreement is announced on the record, it becomes binding even if a party has a change of heart after agreeing to its terms but before the terms are reduced to writing. *See In re Omni Video, Inc.*, 165 B.R. 22 (Bankr.N.D.Tex. 1994) and cases cited therein.

The court finds that the proposed modification of the plan does not change any aspect of the plan except to increase the monthly payments to provide for reimbursement of the property taxes to Creditor. The court concludes that the instant proposed modification was not filed for a purpose not contemplated by Section 1329(a).

### Conclusions of Law

11 U.S.C. § 1329(a) lists four causes for modification of a Chapter 13 plan after confirmation. The plan may be modified to: 1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; 2) extend or reduce the time for such payments; 3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or 4) reduce plan payments to purchase health insurance for the debtor or dependents, subject to certain conditions.

Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly. *In re Meza*, 467 F.3d 874 (5th Cir. 2006). The debtor may wish to modify the plan for any of a number of reasons. A debtor may fall behind on postpetition mortgage payments and then seek to modify the plan to provide for a cure of the postpetition default. *See In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

A modified plan is subject to the same standards and requirements as the original plan proposed by the debtor and is subject to the same time limitations as the original plan. 11 U.S.C. § 1329(b)(1).

Section 1325(a)(5) of the Bankruptcy Code provides:

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that—

(I) the holder of such claim retain the lien securing such claim until the earlier of—

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii) the value, as of the effective date of the

6

plan, of property to be distributed under the plan
on account of such claim is not less than the
allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to
this subsection is in the form of periodic
payments, such payments shall be in equal
monthly amounts; and

(II) the holder of the claim is secured by
personal property, the amount of such payments
shall not be less than an amount sufficient to
provide to the holder of such claim adequate
protection during the period of the plan; or

(C) the debtor surrenders the property securing
such claim to such holder;

11 U.S.C. § 1325(a)(5).

The trustee or a party whose rights are adversely
affected by the modification may object to it on grounds that the
modification renders the plan out of compliance with the
requirements of plan confirmation. However, such parties may not
raise issues as to aspects of the plan that have not changed, or
issues that could have been raised at the confirmation hearing.
The confirmed plan is *res judicata* as to all such issues. *See In
re Evora*, 255 B.R. 336 (D. Mass. 2000); *In Re Stage*, 79 B.R. 487
(Bankr. S.D. Cal. 1987).

Section 362(e) of the Bankruptcy Code provides:

(e)(1) Thirty days after a request under subsection (d)
of this section for relief from the stay of any act
against property of the estate under subsection (a) of
this section, such stay is terminated with respect to the
party in interest making such request, unless the court,
after notice and a hearing, orders such stay continued in

7

effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

(2)  Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless--

(A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or

(B) such 60-day period is extended--
(i)  by agreement of all parties in interest; or
(ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

Bankruptcy Local Rule 4001-1 is entitled "Relief from Automatic Stay" and provides, in pertinent part, under subsection "(a) Motions for relief from stay:"

(5)  If the moving party schedules a hearing on a motion for relief from stay or agrees to continue the hearing to a date more than thirty (30) days after the date the motion was filed (21 days for motions to lift the co-debtor stay), the party shall be deemed to have waived the automatic termination under 11 U.S.C. § 362(e) and/or 1301(d).

When a creditor agrees to or fails to oppose a hearing that is inconsistent with adherence to the time constraints of section 362(e), it results in an implicit waiver of the statutorily granted rights of section 362(e). *See In re Wedgewood Realty Group*, 878 F.2d 693, 699 (3d. Cir.1989); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982) (finding implied waiver where creditor not only failed to object to the absence of preliminary hearing but also attended the final hearing beyond thirty day period without objection); *In re McNeely* 51 B.R. 816, 821 (Bankr.D.Utah 1985) (recognizing implied waiver where creditor failed to schedule final hearing within thirty day period); *In re Small* 38 B.R. 143, 147 (Bankr.D.Md.1984) (determining an implied waiver of thirty day requirement where creditor filed discovery request to which responses were due beyond the thirty day period); *In re Wilmette Partners*, 34 B.R. 958, 961 (Bankr.N.D.Ill.1983) (noting an implied waiver where creditor agreed to continuance of preliminary hearing beyond thirty day time period); *In re Alderson*, 144 B.R. 332 (Bankr.W.D.La. 1992)(stating waiver occurred when creditor scheduled the hearing beyond the thirty day period and by seeking relief other than termination of stay).

Oral stipulations made on the record cannot be withdrawn. *See Kreidle v. Department of the Treasury (IRS) (In re Kreidle)*, 145 B.R. 1007 (Bankr.D.Colo. 1992). Oral stipulations are binding. *See Federal Land Bank v. Cupples Farms (In re Cupples Farms)*, 128

B.R. 769 (Bankr.E.D.Ark. 1991).  When the terms of an agreement are announced on the record, the oral agreement becomes binding.  *See In re Omni Video, Inc.*, 165 B.R. 22 (Bankr.N.D.Tex. 1994) and cases cited therein.

Based upon the foregoing, the court will enter a separate Judgment modifying the confirmed plan.

SIGNED at Houston, Texas on this 18th day of October, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

10